IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.        04-CV-1685-EWN-OES

VIRGIL STICKLEY,

Plaintiff(s),

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant(s).

ORDER GRANTING IN PART
DEFENDANT'S EXPEDITED MOTION TO STRIKE

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 20, 2005

Defendant has filed an Expedited Motion to Strike Plaintiff's Rebuttal Expert Disclosure

on the Issue of Damages.  Defendant argues that plaintiff's so-called "rebuttal" report is not a

rebuttal expert opinion as such.  Rather, it is an initial expert report that was filed 30 days

late.

The Scheduling Order that was entered on November 17, 2004, states that the "parties

shall designate all experts" by February 2, 2005, and "shall designate all rebuttal experts" by

March 4, 2005.  On February 18, 2005, I granted defendant's unopposed Motion for

Enlargement of Time, and extended the dates for experts as follows: (a) initial reports were to

be filed by March 18, 2005; (b) rebuttal expert disclosures were to be filed by April 18, 2005;

and (c) the depositions of experts were to be concluded by May 18, 2005.

Defendant states that it provided its initial expert report to plaintiff by the deadline of

March 18, 2005.  Plaintiff, however, failed to provide any report until May 18, 2005, the upon

which "rebuttal" reports were to be filed by the parties.  Defendant argues that plaintiff's

rebuttal report is not a rebuttal report at all.  Instead, it is plaintiff's initial expert report, and

because it was filed 30 days late it should be stricken.

Plaintiff argues that his report, in fact, is a rebuttal report.  In his view, defendant's

expert was offered by defendant "to opine *as to any subject matter.*"  Pltf's Resp. at

2, emphasis in orig.  Because the proffer of testimony by defendant was so broad, plaintiff

reasons, he is entitled to provide "rebuttal" opinions as to any issues in the case.

## DISCUSSION

No matter how one views the content and substance of plaintiff's expert report, it is a

report that plaintiff should have disclosed by the deadline set for the disclosure of initial expert

reports, March 18, 2005.  Plaintiff's expert, Jerome F. Sherman, Ph.D., entitles his report

"Projection of Economic Loss," and that is the sum and substance of his report.  His report

addresses the past and future wage and medical losses for which plaintiff is demanding

compensation from defendant.

Nothing about Sherman's report reflects that it was prepared in the light of defendant's

expert reports, or for the purpose of rebutting those reports.  Plaintiff

filed his report 30 days after the cutoff date.  For that reason, I will grant in part defendant's

motion to strike.

Because plaintiff disclosed his expert designation 30 days after the deadline, his report

was filed late, and it is subject to being stricken.  However, the Tenth Circuit Court of Appeals

has held that the decision to strike an expert witness is "a drastic sanction."  Summers v.

Missouri Pacific Railroad System, 132 F.3d 599, 604 (10th Cir. 1997).  Before taking such

action, the Court directed trial judges to consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the
> excluded witnesses would have testified, (2) the ability of that
> party to cure the prejudice, (3) the extent to which waiver of the
> rule against calling unlisted witnesses would disrupt the orderly
> and efficient trial of the case or of other cases in court, and (4)
> bad faith or willfulness in failing to comply with the court's
> order.

Id.; see also Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 441

(D.Colo. 2000).

I see no evidence of any bad faith on the part of plaintiff, and I see no evidence of any

potential for disruption of the orderly and efficient trial of this case.  The only factors that are

germane to these circumstances relate to the possible prejudice that may be suffered by

defendant in the event that the expert is not stricken, and the measures that I may provide to

alleviate any prejudice.

Defendant states that it will be prejudiced by the late disclosure of plaintiff's expert

report because it was an "initial" expert report that was filed on the deadline set for the filing

of "rebuttal" expert reports.  Defendant asserts that this maneuver by plaintiff deprived it of

the opportunity to rebut the contents of a report that should have been filed as an initial

report.  In defendant's words, "Sherman's initial disclosure would remain substantively

unrebutted due to its untimely disclosure."  Deft's Reply at 2.  Additionally, defendant did not

depose Sherman, electing instead to challenge the untimely designation of him as an expert,

which I have found to be a justified challenge.

In lieu of striking plaintiff's expert, I will cure the prejudice to defendant through the following measures:

1.   Defendant's motion will be granted in part, and defendant's challenge to the late designation of Sherman will be sustained.  However, the relief sought by defendant – that is, the striking of Sherman as a witness -- will be denied.

2.   Having sustained defendant's challenge to the late designation of Sherman as an expert, I will order plaintiff to pay the attorney fees and costs that were incurred by defendant in filing its Motion to Strike plaintiff's expert.  After receiving defendant's billing statement, plaintiff shall have ten days thereafter within which to reimburse defendant for those sums.

3.   Finally, defendant is hereby granted until July 7, 2005, within which (a) to designate a rebuttal expert in response to Sherman's report; and (b) to take the deposition of Sherman.

4

# CONCLUSION

It is therefore ORDERED that defendant's Expedited Motion to Strike Plaintiff's Rebuttal Expert Disclosure on the Issue of Damages [filed April 22, 2005] is GRANTED IN PART as described above.

Dated at Denver this day of June 20, 2005

BY THE COURT:

S/O. Edward Schlatter

_____

O. Edward Schlatter
U.S. Magistrate Judge